UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
*Richmond Division*

JAMES ERIC WYNN,             )
           Plaintiff,         )
                      )
    v.                      )          Civil Action No. 3:24CV366 (RCY)
                      )
ANNETTE D. WATKINS HARRIS, *et al*.,   )
        Defendants.       )
_____ )

## MEMORANDUM OPINION

This matter is before the Court pursuant to 28 U.S.C. § 1915(e)(2), and specifically the Court's obligation to screen cases filed under the auspices of the *in forma pauperis* statute to determine, among other things, whether the complaint states a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2) (explaining that "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted"). For the reasons set forth below, the Court finds that the Complaint suffers from defects that must be addressed before the action may proceed.

## I. PROCEDURAL HISTORY

Plaintiff filed his Complaint in the United States District Court for the Southern District of New York on May 1, 2024, ECF No. 1, accompanied by a request to proceed *in forma pauperis* ("IFP Application"),[1] ECF No. 2. Plaintiff filed a supplement to his Complaint on May 2. ECF No. 4. On May 6, 2024, the United States District Court for the Southern District of New York granted Plaintiff's IFP Application pursuant to 28 U.S.C. § 1915, *see* Order, ECF No. 5, but then transferred the matter to this Court without issuing a summons or performing the obligatory

---

[1] When a party proceeds in district court without prepaying fees or costs, it is said that the party is proceeding *in forma pauperis*. As such, the Court will refer to Plaintiff's fee waiver application as an "IFP Application."

screening provided for in § 1915.  Thus, it falls to this Court to conduct that review before issuing any summons or allowing the matter to proceed further.

## II.  FACTUAL ALLEGATIONS

Plaintiff appears to allege that Defendant Annette D. Watkins Harris filed a claim in "Lunenburg County Court" to acquire certain property at a "very low ball price."  Compl. 5, ECF No. 1.  Defendant allegedly acted through her attorney(s) at the Virginia-based law firm Hawthorne & Hawthorne (who have also been named as Defendants).  *Id*. at 4–5.  Plaintiff alleges that a court hearing already took place in relation to this challenged land acquisition, but he did not receive timely notice of the proceedings or filings.  *Id*. at 5–6.  Plaintiff alleges that this violates the "Dealing in Good Faith Act" and "Dealing in Fair Play Act".  *Id*. at 6.  The Complaint suggests that the subject property was willed to Plaintiff at some date, prior to Defendant's acquisition efforts.  *Id*.

These bare bones allegations are illuminated to some extent by the state court records Plaintiff attached to his Complaint.  *See Am. Chiropractic v. Trigon Healthcare*, 367 F.3d 212, 234–35 (4th Cir. 2004) (where a plaintiff attaches or incorporates a document into their complaint, it is proper to accept the contents of the document(s) over conflicting allegations in the complaint).  Based on the allegations in the "Complaint for Partition of Real Estate" ("Real Estate Complaint") filed in the Virginia Circuit Court for the County of Lunenburg ("Lunenburg Circuit Court"), *see generally* ECF No. 1 at 12–35, it appears that on or about August 1, 2017, Plaintiff inherited a quarter-share in a "one-sixteenth (1/16) undivided interest" in one part of the disputed property in Lunenburg County, Virginia, *see* Real Estate Compl. ¶ 20, ECF No. 1 at 20 (referencing "Tract Nos. 2, 3, and 6"), and he simultaneously inherited a quarter-share in a "one-twelfth (1/12) undivided interest" in yet another parcel, *see id*. ¶ 54, ECF No. 1 at 29 (referencing "Tract No. 7").

The remainder of the interests in Tract Nos. 2, 3, 6, and 7 are all held by varying degrees of family members.  *See generally* Real Estate Compl. (tracing relations and corresponding inheritances).

Tract Nos. 2, 3, and 6 consist of "three contiguous tracts of land . . . containing one hundred sixty-two (162) acres, more or less." *Id*. ¶ 39, ECF No. 1 at 24.  Tract No. 7 is significantly smaller, amounting to just 1.55 acres.  *Id*. ¶ 58.  With respect to Tract Nos. 2, 3, and 6, the state court plaintiffs (including present-Defendant Annette D. Watkins Harris) apparently sought, via the Real Estate Complaint, either division and sale of the property (with the proceeds appropriately divided according to each collective owner's share of interest) or "that the entirety of the subject property be allotted to [the plaintiffs] and that they pay to the other owners therein such sums as to each may be entitled in accordance with their respective fractional interests in the property." *Id*. ¶ 44, ECF No. 1 at 25.  With respect to Tract No. 7, the state court plaintiffs sought "to take the whole of the subject property . . . and [to] pay the other cotenants such sum or sums of necessary, at fair market appraised value, to purchase their interests in [the] same in accordance with their respective undivided interests, after equitable deduction for costs, taxes, and expenses paid by [the] plaintiffs." *Id*. ¶ 66, ECF No. 1 at 31–32.

The root of Plaintiff's claims and grievances seems to be his interpretation of the Real Estate Complaint as suggesting that the entirety of the disputed property—i.e., Tract Nos. 2, 3, 6, and 7, totaling approximately 163.5 acres—is valued by the state court plaintiffs at $5,300.00.  *See* Compl. 5 (alleging that "Annette D. Watkins-Harris is attempting to acquire about 380 acres or more[2] with timber tree[s] . . . rooted in the soil for $5,300.00").  Plaintiff alleges that this "very low ball price" is tied to "alleged strong-arming, blackmailing, price rigging, manipulation and/or other types of scare tactics and maneuvers . . . ." *Id*. at 8.

---

[2] The Court is unclear where Plaintiff drew the "380 acres or more" figure from, as the Real Estate Complaint figures do not amount to that acreage.

### III.  STANDARD OF REVIEW

A *pro se* complaint, like any other, should survive only when a plaintiff has set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  It is the Court's obligation to measure filings against this standard when a plaintiff proceeds without the prepayment of fees pursuant to 28 U.S.C. § 1915.  Additionally, the Court has an independent obligation to screen for the existence of jurisdiction.  *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006) ("The objection that a federal court lacks subject-matter jurisdiction may be raised by . . . a court on its own initiative . . . .  [Federal] Rule [of Civil Procedure]12(h)(3) instructs: 'Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.'" (internal citation omitted)).

### IV.  ANALYSIS

Pursuant to § 1915's statutory screening obligation and with an eye towards its jurisdictional limitations, the Court has reviewed Plaintiff's Complaint and finds that it fails to state a claim upon which either relief or jurisdiction may be granted.

Plaintiff has brought this action under the auspices of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), alleging "price rigging of real estate land value."  Compl. 2, ECF No. 1 (asserting that the basis for the Court's jurisdiction is a "Federal Question" and particularly asking the Court to "Look at possibly R.I.C.O. Act violations dealing in fair play and dealing in good faith acts violating price rigging of real estate land value").  Plaintiff alleges violations of the so-called "Dealing in Good Faith Act" and "Dealing in Fair Play Act" and, in addition to seeking referral of the facts to an agency for investigation into the purported violations of RICO, he also

4

seeks investigation into Defendant Watkins-Harris for potential perjury. *Id*.; *see also id*. at 36–37; Suppl. Compl. 2, ECF No. 4.

Construing the *pro se* Complaint liberally, as it must, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Court nevertheless finds that the facts alleged therein fail to give rise to any actionable claim. To begin with, a private individual cannot institute a criminal investigation through the filing of a civil suit. *See Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990) ("No citizen has an enforceable right to institute a criminal prosecution."). To that extent, Plaintiff's requested relief—that the Court refer the matter to various agencies for investigation into RICO violations or incidences of perjury, and that Defendant Watkins-Harris serve a term of imprisonment or be subjected to other criminal penalties—is unavailable.

To the extent Plaintiff endeavors to raise a private, civil RICO claim under 18 U.S.C. § 1964(c),[3] Plaintiff must "plead all elements of the alleged violation of 18 U.S.C. § 1962." *D'Addario v. Geller*, 264 F. Supp. 2d 367, 388 (E.D. Va. 2003). Section 1962(c) states that "it shall be unlawful for any person employed by or associated with any enterprise engaged in or the activities of which affect, interstate or foreign commerce, to conduct or participate directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." Therefore, Plaintiff must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity" and must demonstrate that "(5) he was injured in his business or property (6) by reason of the RICO violation." *Id*. at 388 (quoting *Sedima, S.P.R.L. v Imrex, Co*., 473 U.S. 479, 496–497 (1985)). Plaintiff has not alleged facts to support a finding that Defendants conducted any "enterprise's" (as that term is defined in RICO) affairs "through a

---

[3] Plaintiff's general reference to "Virginia['s] RICO statutes," Compl. 10, is unavailing, as Virginia did not codify a private right of action corollary to its criminal RICO statute. *See* Virginia Racketeer Influenced and Corrupt Organization Act, Va. Code Ann. §§ 18.2-512 through 18.2-517.

pattern of racketeering activity."  As such, Plaintiff has failed to state a claim under the civil prong of RICO.

Finally, Plaintiff's conclusory allegations that Defendants violated the "Dealing in Good Faith Act" and the "Dealing in Fair Play Act" fail to give rise to an actionable claim, because the Court is not aware, and Plaintiff does not cite code sections for reference, of any such Acts. Plaintiff has therefore failed to state any claim upon which relief may be granted.

At bottom, this appears to be an effort to remove an intra-family land dispute to federal court.  *See* Compl. 10 ("PS; [sic] Seeking venue change to the federal level because this defendant lives in the state of NY[]."  Removal is not available, however, because there is no independent basis for the Court to exercise jurisdiction.  *See* 28 U.S.C. § 1441.  The state action does not involve any federal claims, so federal question jurisdiction does not exist, and neither does there appear to be complete diversity between the parties to the state court action, so diversity jurisdiction likewise does not exist.  *See* 28 U.S.C. §§ 1331, 1332; *see also* Real Estate Complaint 1–3, ECF No. 1 at 12–14 (listing names and addresses of plaintiffs and defendants in the state court action).  As a result, the Court cannot accept this as properly removed.

## V.  CONCLUSION

Based on the foregoing, Plaintiff has neither alleged sufficient facts to state a claim for relief, nor has he properly removed this action to federal court.  Therefore, the Complaint must be dismissed.  An appropriate Order shall accompany this Memorandum Opinion.

_____
/s/ *RCY*
Roderick C. Young
United States District Judge

Date: September 12, 2024
Richmond, Virginia