UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
*Richmond Division*

| | |
|---|---|
| JAMES ERIC WYNN,  <br>  Plaintiff,  <br>  <br> v.  <br>  <br> ANNETTE D. WATKINS HARRIS,  <br>  Defendant. | Civil Action No. 3:24CV366 (RCY) |

**MEMORANDUM OPINION**

In its Order to Show Cause entered on September 12, 2024, the Court granted *pro se* Plaintiff James Eric Wynn's application to proceed in forma pauperis ("IFP Application") but directed Plaintiff to file an Amended Complaint curing the deficiencies noted in the Order to Show Cause. Order, ECF No. 13. Plaintiff was warned that failure to comply with the terms of the Order to Show Cause could result in dismissal of the action. *Id*. On October 9, 2024, Plaintiff filed an Amended Complaint, ECF No. 14, which became the operative Complaint in this action, per the Court's Order to Show Cause. However, the Amended Complaint fails to cure the deficiencies noted in the Order to Show Cause or otherwise abide by the terms of the Order and once again fails to establish jurisdiction or state any cognizable claim.

**I. SUMMARY OF ALLEGATIONS**

Plaintiff alleges that Defendant Annette D. Watkins Harris[1] has "hoodwink[ed]" him out of his inheritance. Am. Compl. 5–6.[2] He asserts that the basis for the Court's jurisdiction is 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971); despite the fact

---

[1] In his Amended Complaint, Plaintiff dropped Robert E. Hawthorne, Jr., Lisa M. Bradshaw, and the Lunenburg Circuit Court-Clerks Office from the listed Defendants, leaving only Ms. Harris. *Compare* Compl., ECF No. 1, *with* Am. Compl., ECF No. 14.

[2] For this and all other documents cited in this Memorandum Opinion, the Court utilizes the pagination applied by the CM/ECF system and not the page numbers appearing on the original documents.

that the only named Defendant is Ms. Harris, Plaintiff has checked the boxes on his Amended Complaint form under "Basis for Jurisdiction" to indicate that he is suing both "Federal officials" and "State or local officials." *Id.* 4. Plaintiff claims his right to due process is or has been violated "with this case." *Id.* For the "facts underlying [his] claims," Plaintiff lists "alleged mail fraud, alleged racketeering, alleged perjury," "fraud and/or scams," and that he has been hoodwinked, swindled, cheated, screwed, and bamboozled out of his inheritance. *Id.* at 5–6.

Plaintiff asks for relief in the form of "maximum prison time [and] fines." *Id.* at 6.

## II. ANALYSIS

Plaintiff appears to rest his claim for a due process violation on the case *Connecticut v. Doehr*, which dealt with a Connecticut statute authorizing prejudgment attachment of real estate held by a defendant without prior notice or hearing, without a showing of extraordinary circumstances, and without a requirement that the person seeking the attachment post a bond. 501 U.S. 1, 4 (1991); *see* Am. Compl. Ex. 1 at 1–2, ECF No. 14-1 (listing cases and statutes for the Court's review, but heavily featuring *Doehr*). In that case, the United States Supreme Court found that the procedure authorized by the state statute did not satisfy the Due Process Clause of the Fourteenth Amendment. *Id.* However, Plaintiff provides no explanation for how that case—or any other legal source cited in Plaintiff's Exhibit 1 to the Amended Complaint, for that matter—is applicable to the present suit, particularly in light of the fact that he is suing a private individual.

Plaintiff cannot sue a private individual such as Defendant Harris in a § 1983 action, because she is not a state actor. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Neither can Plaintiff sue Defendant Harris under *Bivens*, because she is not federal agent acting under color of federal law. *Bivens*, 403 U.S. at 389. Finally, as the Court previously admonished, Plaintiff cannot institute a criminal investigation or obtain relief in the form of the imposition of imprisonment or

other criminal penalties. Mem. Op. 5, ECF No. 12. Consequently, Plaintiff has failed to state a viable claim against Defendant.

### III.  CONCLUSION

Plaintiff's failure once again to plead a viable cause of action warrants dismissal of the Amended Complaint and the matter as a whole. Accordingly, the action will be dismissed without prejudice.

An appropriate Order shall issue.

                                                 /s/ *RCY*
                                                 Roderick C. Young
                                                 United States District Judge

Date:  November 5, 2024
Richmond, Virginia